UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-21055-CIV-MARTINEZ/MCALILEY

BOBBY KENT f/k/a IRA BRANDWEIN
and HOLLBRAND MUSIC PUBLISHERS, INC.,

        Plaintiffs,

v.

THE LOS ANGELES LAKERS, INC.
D/B/A THE LOS ANGELES LAKERS,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action for copyright infringement [DE 1], which the Court dismissed without prejudice based on Plaintiffs' failure to respond to Defendant's motion to dismiss. [DE 20]. Defendant has now filed a Verified Motion for Attorney's Fees and Full Costs [DE 21], referred to me by the Honorable Jose E. Martinez. [DE 22]. The motion is fully briefed. [DE 23, 24]. For the reasons set forth below, I recommend that the Court deny the motion.

**I.    Background**

In the Complaint, Plaintiffs allege Defendant willfully and intentionally infringed on their copyright to their original composition entitled "Stadium Doo Dads" by playing the song during a televised broadcast of a game between Defendant and the Miami Heat. [DE 1, ¶¶ 8, 9, 20, 23]. On May 21, 2012, Defendant filed a motion to dismiss the Complaint based on Plaintiffs' alleged failure to join indispensable parties. [DE 18]. Defendant

alternatively moved the Court to transfer the case to the Central District of California, under the doctrine of *forum non conveniens*. [*Id.*]. Plaintiffs failed to respond to the motion to dismiss. For this reason, the Court dismissed the matter without prejudice, stating: "Plaintiff's failure to respond to the motion is sufficient cause to grant the motion by default." [DE 20] (citing S.D. Fla. Local Rule 7.1(c)). The Court did not render a ruling on the merits of the motion to dismiss, or the claims raised in the Complaint.

Defendant now seeks $30,917.72 in attorney's fees and costs, pursuant to the Copyright Act, 17 U.S.C. § 505 and Federal Rule of Civil Procedure 54(d)(2), based on its claim that it is the prevailing party. Plaintiffs counter that Defendant is not the prevailing party because the matter was dismissed without prejudice. As explained below, the test set forth in *Buckhannon Board and Care Home, Inc. v. West Virginia Dep't of Health and Human Res.*, 532 U.S. 598 (2001), leads to the conclusion that Defendant is not the prevailing party and is therefore not entitled to its fees and costs under the Copyright Act.

## II. Analysis

In pertinent part, § 505 of the Copyright Act provides: "[e]xcept as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. In *Buckhannon*, the Supreme Court defined the term "prevailing party" in a comparable fee-shifting statute as "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." 532 U.S. at 603 (discussing term in the context of the Fair Housing Amendments Act) (quoting *Black's Law*

*Dictionary* 1145 (7th ed. 1999)); *see Utility Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002) (applying *Buckhannon* for interpretation of "prevailing party" in contract between the parties). The Supreme Court explained that the touchstone of the prevailing party inquiry is whether action by a court has caused a "material alteration of the legal relationship of the parties." 532 U.S. at 604 (internal quotation marks omitted); *see Abdelgalel v. Holder*, 398 Fed. Appx. 472, 476 (11th Cir. 2010) (same). Two examples of judicial outcomes that satisfy this requirement are an enforceable judgment on the merits, or a settlement agreement enforced through a court-ordered consent decree. *Buckhannon*, 532 U.S. at 604; *see Utility Automation 2000*, 298 F.3d at 1248.

Defendant represents that there is a split of authority regarding whether a defendant is a prevailing party when a matter is dismissed without prejudice and directs the Court to two cases; both cases concern copyright infringement claims and neither are binding on the Court. I am persuaded by the first, but not the second.

In the first case, *Cadkin v. Loose*, 569 F.3d 1142, 1146 (9th Cir. 2009), the plaintiffs voluntarily dismissed the complaint without prejudice. The defendants sought attorney's fees and costs under § 505 of the Copyright Act, which the district court awarded. *Id.* On appeal, the Ninth Circuit reversed the fee award and applied *Buckhannon's* material alteration test. *Id.* at 1149. The appellate court held that the defendants were not prevailing parties under the Act, as the plaintiffs' voluntary dismissal without prejudice did not materially change the legal relationship between the parties, noting that the defendants "remain subject to the risk

3

of refiling." *Id.* The court also pointed out that its holding is consistent with every circuit court that has considered whether *Buckhannon* governs prevailing party status under § 505. *Id.* (citing cases from the First, Sixth and Seventh circuits).

In the second case, *Cambridge Educ. Ctr., Inc. v. Oh*, No. 1:11-CV-3434-TWT, 2012 WL 162171 (N.D. Ga. Jan. 18, 2012), the plaintiff failed to file a response to the defendant's motion to dismiss. The court granted the motion and summarily concluded that the defendants were prevailing parties entitled to fees and costs under § 505. *Id.* at *3. That court neither applied nor acknowledged *Buckhannon*, nor indicated whether the dismissal was with or without prejudice. *Id.*

I am persuaded by *Cadkin* that the material alteration test applies in this context.[1] Notably, at least two district courts within this Circuit agree and have concluded that a dismissal without prejudice does not confer prevailing party status under the Copyright Act. *See Herkemij & Partners Knowledge, B.V. v. Ross Sys., Inc.*, No. 1:05-cv-650-WSD, 2006 WL 5328578, *6 (N.D. Ga. June 12, 2006); *Salas v. Marietta*, No. 6:11-cv-1909-Orl-31GJK, 2012 WL 398264, *2-3 (M.D. Fla. Feb. 8, 2012).

Here, Plaintiffs' failure to respond to Defendant's motion to dismiss and the Court's subsequent dismissal without prejudice does not amount to a judgment in Defendant's favor. The Court did not render a ruling on the merits of the motion to dismiss or, for that matter,

---

[1] It appears that the Eleventh Circuit has not had the occasion to apply *Buckhannon* to the prevailing party inquiry under § 505 of the Copyright Act.

the claims raised in the Complaint.[2] The dismissal without prejudice in this case is not an enforceable judgment on the merits nor did it materially alter the relationship between the parties, as the dismissal left Plaintiffs free to bring their claims against Defendant at a later time. *See Cadkin*, 569 F.3d at 1148-49 (no material alteration in legal relationship between parties because defendant remains subject to the risk of re-filing following dismissal without prejudice); *Herkemij*, 2006 WL 5328578 at *6 (dismissal without prejudice was not an adjudication on the merits and did not confer prevailing party status on the defendant under § 505). For these reasons, I conclude that Defendant is not a prevailing party and cannot recover attorney's fees and costs under the Copyright Act.

### III. Recommendation

For all of the foregoing reasons, this Court **RECOMMENDS** that Defendant's Verified Motion for Attorney's Fees and Full Costs [DE 21], be **DENIED**.

### IV. Objections

Pursuant to Magistrate Judge Rule 4(a), the parties may file written objections to this Report and Recommendation with the Honorable Jose E. Martinez **within 14 days of the date of this Report and Recommendation**. Failure to timely file objections shall bar the parties from attacking on appeal any factual findings contained herein. *See RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir.1993); *LoConte v. Dugger*, 847 F.2d 745,

---

[2] It is worth noting that Defendant's motion to dismiss was not premised on the substantive merits of the copyright infringement claims, but rather, was premised on an alleged procedural defect -- the failure to join indispensable parties.

749-50 (11th Cir. 1988).

 RESPECTFULLY RECOMMENDED in chambers at Miami, Florida, this 17th day of April, 2013.

_____
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc:
The Honorable Jose E. Martinez
All counsel of record